**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

UNITED STATES OF AMERICA

        Plaintiff,

v.

                                  CASE NO: 08-CR-20524

PHILLIP CLAUDIUS GRAY,

        Defendant.
_____/

**ORDER AMENDING STANDING ORDER FOR DISCOVERY AND
INSPECTION IN CRIMINAL CASES;
AND GIVING NOTICE OF CERTAIN PRETRIAL AND TRIAL PRACTICES**

The court finds that certain amendments to Administrative Order No. 03-AO-027 trial preparation directives will better assist in the effective administration of this case.

**IT IS HEREBY ORDERED** that Administrative Order No. 03-AO-027 is amended in certain respects for the purposes of this case as stated in Appendix 1 to this Order. Counsel shall organize their trial preparation as stated in Standing Order No. 03-AO-027 on Criminal Practice" consistent with this court's amendments thereto. Counsel should also see the Court's website for further information: <http://www.mied.uscourts.gov/index.html>, then "Local Rules/Practices," then "Practice Guidelines"

**IT IS FURTHER ORDERED** that counsel shall take notice of the court's intended practices, outlined in Appendix 2 to this Order, concerning pretrial, voir dire, jury selection, trial practices, final pretrial and guilty plea cutoff, and sentencing.

                                      S/Robert H. Cleland
                                      ROBERT H. CLELAND
                                      UNITED STATES DISTRICT JUDGE

Date: November 5, 2008

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

APPENDIX 1

**AMENDMENTS TO STANDING ADMINISTRATIVE ORDER 99-AO-003
ON CRIMINAL PRACTICE**

The references in this Appendix to "section" numbers are to the sections of the Standing Order.

1) **Section 5(a) (MARKING OF EXHIBITS):**

Exhibits shall be designated with the government using numbers beginning with "101" and the defense using numbers beginning with "501." In the event of an extraordinary number of exhibits or in the event of more than one defendant, counsel shall discuss and recommend to the court before trial a reasonable alteration to the numbering system described.

The list required under Section 5(a) of the Standing Order should be submitted not later than the morning of jury selection, but the listing submitted may be *ex parte* as to items other than Rule 16, if in the good faith opinion of counsel there is a reasonable basis for doing so, until the item is identified in court.

Counsel for the government is urged to make reasonable efforts to reach agreement with other counsel concerning the admissibility of each intended physical exhibit. In the event such agreement is reached, a list of such exhibits is to be prepared by government counsel for entry at the opening of trial, and the exhibits will be considered admitted at the outset.

2) **Sections 5(b), 6 and 7 (OBJECTIONS TO FOUNDATIONAL ISSUES):**

In the event defense counsel chooses to file a notice of intent to contest foundation, chain-of-custody or scientific analysis, such notice shall be filed not later than **7 days before trial**. Unless such items or possible exhibits are unusually voluminous, the notice shall provide a brief exhibit-by-exhibit or item-by-item description of the good faith basis for any such objection. A statement which says nothing more than "defendant contests the foundation" is insufficient. The statement of the good faith basis for any objection may be *ex parte* if in the opinion of counsel there is a reasonable basis for doing so.

In the event that such items or possible exhibits are unusually voluminous, counsel for the defense shall, as early as is possible, give notice to the court and the government of the expected difficulty in providing the specific objection otherwise required, and seek the assistance first of the government, then of the court, in resolving the matter.

3) **Section 10 (JURY INSTRUCTIONS):**

Counsel for the government is directed to draft proposed instructions which identify the elements of the offense in the form of 6th Circuit pattern instruction 2.02, and to draft any other "non-standard" instruction requests. Counsel for the defense shall also draft any "non-standard" instructions intended to be requested. Other instructions may be requested of the court by either party simply by reference to pattern instruction number.

"Elements" instructions proposed by the government, and proposed special instructions by both counsel shall be circulated among counsel with a reasonable opportunity given for reaction and possible stipulation. All such drafting and reaction shall be concluded in time for submission of stipulated and requested instructions **before the jury selection** is scheduled to commence. The court intends to produce in chambers the final set of instructions.

Counsel must submit proposed instructions by e-mail attachment consistent with WordPerfect.

4) **Section 11 (MOTION TIME LIMITS):**

The court's practice is to set appropriate motion cut-off dates in a scheduling order. The stringency of those limits generally varies with the complexity of the case and the completeness of voluntary government discovery. Counsel are reminded to seek concurrence under Local Rule 7.1(b) and to explain in reasonable detail the results of counsel's efforts before filing any motion. Failure to do so will ordinarily result in a summary denial of the motion.

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

APPENDIX 2

**FINAL PRETRIAL; VOIR DIRE; JURY SELECTION
AND TRIAL PRACTICES; SENTENCING** [1]

1) **FINAL PRETRIAL AND CHANGE-OF-PLEA DEADLINE**

The court does not ordinarily accept a negotiated[2] plea of guilty after the final pretrial and change-of-plea cutoff conference date. Accordingly, unless a signed Rule 11 agreement is in hand before that time, the attorneys for the parties are hereby directed as follows:

> a) Each trial attorney and defendant must personally appear in court at the noticed date and time. The defendant must be prepared to proceed with the guilty plea if such is intended.
> b) In the event that the defendant chooses to proceed to trial, the court will ask the government to set forth on the record any proffered plea agreement and the government's view of the calculation of sentencing guidelines if the proffered agreement were accepted as opposed to a conviction at trial. The court will address the defendant on the record and insure that the decision to proceed to trial was made after adequate consultation with counsel and that the decision represents the defendant's knowing and voluntary choice.
>
> c) Counsel must be prepared to conduct the Final Pretrial Conference, and to discuss at least the following areas:
> - i) Evidence stipulations or problems
> - ii) Instruction stipulations or problems
> - iii) Unresolved motions
> - iv) Number of witnesses and estimated time for presentation of the case

---

[1] More detailed information is available at the the Court's website: <http://www.mied.uscourts.gov/index.html>, then "Local Rules/Practices," then "Practice Guidleines"

[2] A "negotiated" plea is one that contains any restrictions regarding sentencing under Rule 11, a significant reduction in the number of counts alleged, a 5K1.1 provision or any other concessions by the government that could impinge upon the court's sentencing authority or discretion. The court ordinarily does not accept plea agreements under Rule 11(c)(1)(C), but readily accepts agreements under Rule 11(c)(1)(B) that include non-binding sentencing recommendations; the court also generally accepts plea agreements that contemplate well-founded 5K1.1 departures. Although 11(c)(1)(B) sentencing recommendations are not binding, the court nonetheless gives them careful consideration, and often agrees.

1

v) Estimated time for opening statements
vi) Agreement on juror-proposed questions

2) ***VOIR DIRE:***

It is the court's practice to conduct *voir dire* questioning of the jury panel. Counsel must submit any questions they may wish to request in writing to the court not later than the end of the business day **two days before jury selection** is scheduled to commence. Question requests submitted on the morning of trial will generally not be considered by the court.

3) **JURY SELECTION METHOD: JURY TRIAL PRACTICES**

a) The court will use a "struck jury" system for jury selection. A detailed written description of this method is available from chambers and on the Court's website. Ordinarily the court will select twelve regular and two alternate jurors. Principal peremptory challenges must be used to select the twelve, and the additional peremptory used separately to select the alternates. Alternate jurors are ordinarily told that they are alternates.
b) At trial, the court generally gives to the jury a copy of the indictment as a guide to the case the government is required to prove. Therefore, counsel for the government ordinarily produces a "sanitized" version of the indictment redacted of all language referring to the Grand Jury and any other irrelevant or potentially prejudicial matter.
c) The jury will be allowed to take notes. The jury will ordinarily be allowed to submit written proposed clarification questions of witnesses at the conclusion of the testimony. Any such questions will be reviewed by the court and counsel out of the hearing of the jury, with counsel having the opportunity to object to the substance of the question. The court then asks the question on behalf of the juror, and counsel are given an opportunity for pertinent follow-up questions. Caution is exercised during this process, and the court specifically instructs the jury in advance on these issues. See the Court's website for further specifics. Any objection to this procedure or suggestions for alteration must be stated in advance of trial.

4) **SENTENCING PROCEDURES**

In the event of a conviction a presentence report will be prepared in the regular course of business and counsel will respond pursuant to Rule 32, Fed. R. Crim. P., and any applicable Local Rule of this court. The procedures to be used in preparation for sentencing will be set forth in a separate order, and will include the following:
a) In the event that a party identifies objections (controverted items) which are not accepted by the probation officer, and which are therefore to be resolved by the court, both parties shall prepare to respond in writing. Although a

more detailed order for response may be forthcoming from chambers on a case-by-case basis, the non-objecting party shall respond to each objection, setting forth the party's position in agreement or disagreement with the objection, and specifying at least these things:

    i)   The factual or legal basis on which the response rests.

    ii)  Whether or not the party intends to present witnesses in support of a sentencing position.

    iii) If witnesses are intended, the name of each witness should be given along with a brief statement showing the controverted item to which the witness's testimony applies, the substance of the witness's intended testimony (expressed in one or two sentences), and an estimate of the time required to present the witness's testimony.

    b)    Counsel must avoid "objecting" to presentence report notations which are nothing more than mechanical or arithmetic calculations under the guidelines, the resolution of which depend on other factual items.

    c)    Any motion for a departure from the calculated range based upon Sentencing Guidelines factors, or motion for a sentencing variance based upon 28 U.S.C. § 3553(a) factors must be stated in writing and filed ***not fewer than twenty-one days before sentencing.*** Provide a copy to the Probation Officer. The opposing party must file a response ***not fewer than seven days before sentencing.*** A decision on a departure motion will ordinarily be announced before sentencing. Oral argument may be invited by the court in some cases.

    d)    Any sentencing memorandum must be filed ***not fewer than twenty-one days before sentencing.***

    e)    Unless otherwise permitted for reasonable cause, allocution will not exceed eight minutes for defendant's counsel, five minutes for defendant and eight minutes for government counsel.